### No. 861
### McKINLEY v. NIDERST
Ohio Appeals, 8th Dist., Cuyahoga Co.
### No. 7630. Decided Sept. 19, 1927.
First Publication of this Opinion.

Syllabus by Editorial Staff.

**703. LANDLORD AND TENANT.—829. Negligence—Failure to light hallways, when duty not imposed by statute, city ordinance or special contract, not negligence on part of landlord.** * * *

Error to Common Pleas.

Judgment reversed.

McConnell, Blackmore & Cory, Cleveland, for McKinley.

Paul Howland, Cleveland, for Niderst.

STATEMENT OF FACTS.

The parties are in the same relation as they were in the court below. Plaintiff filed suit against defendant, for personal injuries alleged to have been sustained by her because of the negligence of the defendant in failing to keep a hallway, then under supervision and control of defendant, properly lighted. It appears that the defendant owned an apartment, two stories high, with two suites on the first floor and two on the second floor. Entering the apartment from the street, there was a vestibule and six steps leading from the vestibule to a landing from which the two first floor apartments were entered.

On the morning of the accident, the plaintiff came out of her apartment to the landing and then discovered that the lights in the hallway were not lighted. She started to go down the flight of six steps to reach the street level, but, unable to see the top step because of darkness, she fell and was thereby injured. At the conclusion of the plaintiff's case, the court sustained a motion by defendant for a directed verdict.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LEVINE, J.

At the commencement of the trial the defendant objected to the introduction of any evidence, on the ground that the petition fails to set forth a cause of action, which the trial court overruled. We have examined the petition in this case, and, while there are other allegations of negligence, it must be conceded that the only ground relied on is the failure of defendant to keep the hallways lighted.

Negligence is a breach of duty owing from one person to another. At common law the landlord was under no duty to keep the hallways lighted. Such duty, if it exists, must arise either by virtue of the General Code or a City Ordinance, none of which exist in the case at bar. Such duty may also arise by virtue of a contract between the parties, either express or implied. The petition pleads no such agreement between the parties.

It follows, therefore, in the absence of any duty resting upon the landlord, either by virtue of law or by virtue of contract, to keep the hallways lighted, he cannot be charged with negligence. The action of the trial court in sustaining the motion for a directed verdict, if it has no other justification, rests securely upon the ground that the petition does not state a cause of action.

(Sullivan, PJ., and Vickery, J., concur.)